ROBERTS,. Justice.
On February 28, 1940, D. .A; Dorsey died intestate, leaving a widow, Rebecca,- and an adopted daughter, Susie. Augusta' Dorsey, now known as Dana Dorsey Chapman, and a son, Ezekiel Dorsey, bom of a prior marriage. On August 1, 1940, Rebecca died intestate, leaving as her sole heir the above mentioned adopted daughter, Dana Dorsey Chapman. Dana was an infant seven years old in 1940, but, by and through her guardian, disputed and contested the relationship of Ezekiel Dorsey as the son of her father. Extensive hearings were conducted by the Probate Court and on May 31, 1951, the Probate Court determined as a matter of fact that Ezekiel Dorsey was a son of D. A. Dorsey by a prior marriage. Upon .appeal duly taken the Circuit Court of Dade County affirmed the determination of beneficiaries of the lower court. An appeal was taken from such decision of affirmance to the Supreme Court of Florida on February 5, 1952, identified as Estate of D. A. Dorsey, Supreme Court file #22767. On May 26, 1952, all parties to the appeal filed in this court a stipulation announcing that all matters and things involved in such cause had been settled by compromise agreement between all the interested parties, and the appeal should be dismissed and the supersedeas order cancelled and the surety upon such supersedéas bond released of liability thereon. Based on such stipulation, this court on May 28, 1952 dismissed the appeal, and the order of the Probate Court of Dade County of May 31, 1951, and which had been affirmed by the Circuit Court of Dade County on December 7, 1951, became final and passed into verity.
Approximately two years later a rash of litigation was initiated by Dana, who, in the meantime, "had married one Chapman, and who appeared with néw counsel, not previously connected with the litigation. Various orders of the Probate Court were appealed to the Circuit Court of Dade County, the Probate Court in each -instance being affirmed; and such appeals, identified as Circuit Court appeal cases 1324, 1326, .1327, 1355 and 1463, were appealed to this court and consolidated for consideration. All of the filings here -in connection with such, appeals are unnecessarily voluminous,, but the'gist of them.is as follows:
*500 No. 1324 relates to an order of the Probate Court, affirmed by the Circuit Coúrt, denying immediate distribution of the bal-' anee of the' estate to Dana in' February, 1954, but subject to the right of petitioner (Daria)' to malee proper application for fur-" ther partial distribution of the estate. ! ■
No. -1326 brings here for review a judgment of the Circuit .Court affirming ah order of the Probate Court dealing with the payment of advances on attorney’s fees.
¡No. 1327 brings (for. review a judgment of the Circuit. Court affirming an order of the Probate Court making • further partial payment of.attorney’s fees to One.R. P. Terry and oneW. C. Price.
No. 1355 brings for review a judgment of the Circuit Court affirming a decision of the Probate Court in which the latter court dismissed a petition to reopen, vacate and set aside the order of the Probate Court made on May 31, 1951, désignating beneficiaries of D. A. Dorsey, and which, as abtíve stated; had been affirmed'by th'e Circuit Court,'appealed to this court, "and such appeal dismissed by consent on May 28,1952.
No. 1463 brings for re.yiew a judgment of the Circuit Court entered. June 2, 1955, affirming an order, of.the Probate Court, entered .December 14, 1954, providing for-a partial allowance on account of fees due,to, the Administrator d. b. n. and certain expenses due counsel, for the Administrator., •
The case of Dana Dorsey Chapman, appellant, v. Ezekiel Dorsey, appellee, brings for review an order of the Circuit Court of Dade -County, Equity Case No. 174201-A, dismissing, a bill of complaint which sought to make a collateral attack in a Court of Equity on various orders of the Probate Court (all of which said orders had been duly appealed to and affirmed by the Circuit Court of Dade County) and to vitiate virtually all of the.extensive probate proceedings.
All of the cases originating in 1954, and now pending before this court, aré ill-advised and an imposition on this court, the Circuit Court and the Probate Court of Dade County. They reflect a sense of irresponsibility on the part of counsel,' and have served no useful purpose except to interfere with and-confuse the administration of the Dorsey estates. These appeals reflect a disregard for the rules of this court, the law' of res judicata, estoppel by'judgment,, collateral attack; and other established-prin-., ciples of jurisprudence. It'is indeed unfor-. túnate that'the estate has been subjected to such confusion, delay and expense, -and a,l-.t though attorney O. S. Miller is responsible for- the r-ash of litigation beginning in 1954, he does not appear to have any responsibility beyond that point. Under the facts and state of the records here present the appeals in all of these cases are frivolous, and for that reason are dismissed.
It is noteworthy, that. D. A. Dorsey ,and his .wife died in 1940, intestate, leaving an estate which should,haye been administered with routine handling and the inheritance delivered in, proper proportions to the son, Ezekiel and the daughter, Dana, unless there were problems in the probate court which do not appear h,ere. There is nothing in the appeals herein referred to that would indicate anything rare or unusual about the probate questions present in either of these estates, although problems may have been present in- the courts below that were not appealed here. But now, in 1955, fifteen years later, .we find -the judicial processes still grinding in order to .dispose of vexatious litigation, appeals, meddling arid confusion, and attending. - this long, delay there, have been numerous items of expenses and attorneys’ fees. Surely sufficient time has passed to have completed a routine estate. Since the death of D.- A. Dorsey* his '-seven1' year old infant daughter .has grown to womanhood, married and established a home of her own, World War II has come and gone, as has the Korean War, and we have witnessed the inauguration of three presidents of the United States, five governors of the State of Florida, seven new justices of this court, and the world has moved well into the atomic era, but this case like the babbling brook goes on and on.
Aside from the records on appeal here, ancillary petitions or motions indicate multiple administrative problems and a non-cooperative beneficiary in Dana. While the learned and experienced probate judge as well as the reviewing judges have obviously *501 worked long' and hard, they must have .grown weary from the numerous, obstructions which blocked their way.
The appeals are dismissed with directions to the lower court to expedite the.;fi.nal, determination of the two estates and to order •distribution of the assets into the hands’of the rightful owners as soon as is practicable, under all the circumstances present, and in-as economical a manner as the exigencies of the situation permits'.
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.